IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY
STATE OF OKLAHOMA

FILED
IN THE DISTRICT COURT
JUN 06 2022
POTTAWATOMIE COUNTY, OK
VALERIE N. UELTZEN, COURT CLERK
BY_____ DEPUTY

| | | |
|---|---|---|
| 1) JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No: CJ-2022-182 |
| 1) INDEPENDENT SCHOOL DISTRICT NO. 93 OF POTTAWATOMIE COUNTY, OKLAHOMA, a/k/a SHAWNEE SCHOOL DISTRICT, a/k/a SHAWNEE PUBLIC SCHOOLS; and, | § § § § § § | Attorney's Lien Claimed |
| 2) RONALD GENE ARTHUR, an individual, | § § § | Jury Trial Demanded |
| Defendants | § § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, John Doe, by and through his attorney of record, Cameron Spradling of Cameron Spradling, PLLC, alleges and states as follows:

1. At all relevant times, Plaintiff was a citizen of the State of Oklahoma and a resident of Pottawatomie County, Oklahoma.

2. Defendant Independent School District No. 93 of Pottawatomie County, *a/k/a* Shawnee School District, *a/k/a* Shawnee Public Schools (the "District") is a public educational institution located in Pottawatomie County, Oklahoma. The District is an Oklahoma school district organized and existing under the laws of the State of Oklahoma and has its principal office in Pottawatomie County, Oklahoma. The District receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 - 1688. The District may be served with process at its principal place of business: Bobby Canty, Clerk of the Board of Education of Independent School District No. 93 of Pottawatomie County, 326 N. Union Avenue, Shawnee, OK 74801.

Ex. 1

3. At all relevant times, Defendant Ronald Gene Arthur ("Arthur") was an employee of the Shawnee School District.

4. At all relevant times, Defendant Arthur was acting within the course and scope of his employment, except as to those claims that are intentional torts.

5. The District Court of Pottawatomie County has subject matter and personal jurisdiction over the Defendants and venue is proper pursuant to 12 O.S. §§ 133, 134, and 143.

## COMPLIANCE WITH O.G.T.C.A. NOTICE REQUIREMENT

6. Plaintiff has complied with the notice provisions of the Oklahoma Governmental Tort Claims Act by providing notice of this claim to the District.

## FACTUAL BACKGROUND

7. Defendant Arthur was employed by the District from 2006 through 2021, holding various positions as teacher, coach and assistant athletic director.

8. Reports of sexual misconduct, sexual harassment and sexual assault committed by Defendant Arthur were brought to the District's attention over fifteen (15) years ago by at least one former male student.

9. The District's administration and board members all received notice of those reports.

10. The District ignored those reports of sexual misconduct, sexual harassment and sexual assaults committed by Defendant Arthur and negligently retained him as an employee of the District.

11. As a result of the District's negligence and deliberate indifference, Plaintiff became another victim of Defendant Arthur's sexual misconduct while a student attending Shawnee High School in 2021.

12. Defendant Arthur repeatedly preyed on Plaintiff, even after the District had been informed of the sexual predator's previous misconduct via the District's agents, servants and employees, as well as members of the public.

13. The District should provide a safe learning environment for its students and should provide an environment free of sexual predators.

14. The District failed to do so.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Negligence (Negligent Retention, Training, Supervision, and Premises Liability) Against Defendant District under the Oklahoma Governmental Tort Claims Act**

COMES NOW the Plaintiff and hereby adopts the includes the foregoing statements and allegations as if they were fully stated herein, and for his First Cause of Action against the District, alleges and states:

15. The District is responsible for the negligence of their agents, servants, and employees while acting within the course and scope of their employment.

16. Defendant District breached its duty of reasonable care as custodian of Plaintiff by, *inter alia:*

   a. Negligently retaining Arthur as an employee of the District after reports of sexual misconduct, sexual harassment and sexual assault were made by at least one former male student;

   b. Negligently allowing Arthur access to students after previous reports of sexual misconduct, sexual harassment and sexual assault were made by other male students;

    c. Negligently supervising Arthur after previous reports of sexual misconduct, sexual harassment and sexual assaults were made by other male students;

    d. Negligently developing and/or implementing, or failing to develop and/or implement, policies and procedures designed to protect students from sexual harassment, sexual misconduct and sexual assault;

    e. Negligently training its employees and/or agents with regard to policies and procedures related to sexual harassment, sexual misconduct and sexual assault; and

    f. Failing to protect Plaintiff and other male students from harm while in the District's control or control of its agents and/or employees.

17. The District had a duty to police the misconduct of its personnel under its immediate control and to protect the students from violations of the students' constitutional rights to bodily integrity and to be free from intrusions while attending a publicly mandated course of education.

18. To the extent that the District had any procedures and policies for training, supervising and educating its employees in the detection, reporting and/or investigation of alleged or suspected incidents of offensive acts and acts of sexual misconduct in place, those procedures and policies were inadequate and likely to result in the violation of a student's constitutional rights.

19. The District failed to take sufficient remedial action to correct, eliminate and/or prevent the recurrence of the offensive and unconstitutional acts described above once its employees perceived, knew or had reason to believe that Defendant Arthur posed a risk of sexual harassment, sexual misconduct and sexual assault.

20. The conduct by school officials was done within the scope of their employment and course of their performance of their official responsibilities at the School District, under the color of laws, statutes, ordinances, regulations, practices, customs and usage of the State of Oklahoma and the District and utilized the respect and authority granted to them by state and local law.

21. The District was negligent in providing a safe and secure environment for its male students and was negligent in its dealings with school employees and, as a direct result of the negligence, Plaintiff was injured, both physically and mentally and has suffered damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant District and Defendant Arthur for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable.

## SECOND CAUSE OF ACTION
### Negligence *Per Se* Against Defendant District

COMES NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for his Second Cause of Action against the District, allege and state:

22. The District and its employees and/or agents had a duty to report allegations of Arthur's sexual misconduct to the Oklahoma Department of Human Services ("DHS"). *See* 10A O.S. § 1-2-101(B)(1).

23. That subsection requires "[e]very person having reason to believe that a child under the age of eighteen (18) years is a victim of abuse or neglect shall report the matter promptly to the Department of Human Services."

24. The Oklahoma Legislature promulgated the reporting requirements to prevent the type of injuries inflicted upon Plaintiff.

25. The Oklahoma Legislature stated this legislative purpose in 10A § 1-1-102(A)(3): "Because the state has an interest in its present and future citizens as well as a duty to protect those who, because of age, are unable to protect themselves, it is the policy of this state to provide for the protection of children who have been abused or neglected and who may be further threatened by the conduct of persons responsible for the health, safety, and welfare of such children."

26. Oklahoma's child abuse reporting laws express the State's strong public interest in protecting children from abuse by the policy of mandatory reporting of actual and suspected child abuse or neglect to appropriate authorities and agencies.

27. The District failed to report to the DHS, even though Defendant had information regarding Arthur's misconduct that required reporting.

28. The failure to report by the District was the direct and proximate cause of the abuse of Plaintiff, thereby causing Plaintiff mental anguish and physical injury.

29. The District's failures to abide by its statutory duties is negligence *per se*.

WHEREFORE, premises considered, Defendant District and its officials' failings as described above resulted in Plaintiff suffering severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation. Plaintiff prays for judgment against the Defendant District, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 Violations

COME NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for his Third Cause of Action against the District, allege and state that under the Fourth Amendment and the Fourteenth Amendment, Plaintiff has the right to Due Process and Equal Protection of the Law.

30. At all times relevant hereto, it was clearly established that Plaintiff had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

31. The District was a state actor acting under the color of state law.

32. The District denied Plaintiff his rights to Due Process and Equal Protection of the Law by:

   a. Failing to enact and implement adequate policies concerning sexual harassment, sexual misconduct and sexual assault;

   b. Failing to investigate Defendant Arthur properly, before and after these referenced allegations;

   c. Failing to remove Defendant Arthur;

   d. Failing to retain, train, supervise, and Defendant Arthur properly;

   e. Failing to adequately train and supervise its employees; and

   f. Exhibiting deliberate indifference to the sexual misconduct directed at students.

33. The District has an unconstitutional custom or policy of:

   a. Failing to investigate and report criminal misconduct;

   b. Discounting the credibility of student allegations; and

   c. Failing to adequately train and supervise employees with regard to the investigation and reporting of sexual misconduct of students.

34. The policy is attributable to a policymaker.

35. The resulting inadequate policies and resulting failure to train allowed Defendant Arthur, as the District's employee, to violate Plaintiff's 4th Amendment rights and Plaintiff's 14th Amendment rights to Equal Protection and Due Process.

36. An environment where an adolescent is feloniously touched, molested, and/or receives lewd or lascivious communications from an adult is a dangerous environment.

37. The District created a dangerous environment for its adolescents, including Plaintiff.

38. The District, as a state actor, affirmatively acted to create, or increased the Plaintiff's vulnerability to, or danger from, the misconduct of Defendant Arthur.

39. Plaintiff was member of a limited and specifically definable group—namely, male and student.

40. The District created the danger or increased the Plaintiff's vulnerability to the danger by at least effectively ignoring other allegations and not immediately removing Defendant Arthur from its District after receiving notice of his misconduct years prior.

41. The District's conduct put Plaintiff and other students at substantial risk of serious, immediate and proximate harm. Indeed, Defendant Arthur abused Plaintiff after the District had actual notice of Arthur's previous misconduct.

42. The risk of danger was obvious or known to the District.

43. The District's actions and inactions created an opportunity for Defendant Arthur to engage in sexual misconduct.

44. The District acted recklessly in conscious disregard of that risk and, when viewed in total, shocks the conscience.

WHEREFORE, premises considered, Defendant District and the failings of its officials and employees as described above resulted in Plaintiff suffering severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation. Plaintiff prays for judgment against the Defendant District for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332 plus interest, attorney fees and costs and whatever further relief this court deems just and equitable.

## FOURTH CAUSE OF ACTION
### Violation of Title IX

COME NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for his Fourth Cause of Action, allege and state:

45. The District receives federal financial assistance.

46. The District's previous disregard of the sexual misconduct of Arthur was so severe and objectively offensive that it deprived Plaintiff of educational opportunities and benefits provided by their public schooling.

47. The District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because:

   a. Plaintiff was member of a protected class;

   b. Plaintiff was subjected to harassment based on his sex; and

   c. Plaintiff was subjected to sexual harassment in the form of sexual pursuit and sexual misconduct by Arthur, an employee of the School District.

48. Plaintiff was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or report sexual misconduct.

49. Defendant Arthur's sexual misconduct was a substantial danger and risk to the District's students.

50. The District had evidence of at least one prior report of sexual misconduct of a male student by Defendant Arthur.

51. The District acted with deliberate indifference by failing to properly investigate prior allegations and to inform law enforcement or other governmental officials. The District's inactions were clearly unreasonable in light of the known circumstances.

52. The District's actions and inactions caused students, including Plaintiff, to undergo further sexual misconduct by Arthur and made them vulnerable to that misconduct.

53. The District persisted in its actions and inactions even after it had actual knowledge of the harm suffered by at least one former male student.

54. The District acted with deliberate indifference toward previous reports of Arthur's sexual misconduct towards a male student and failed to take immediate, effective remedial or preventative steps to resolve, investigate, or prevent further sexual misconduct of its students.

55. The District's failure to promptly and appropriately respond to the alleged sexual harassment and sexual misconduct resulted in Plaintiff, on the basis of his sex, being subjected to discrimination in the District's education program in violation of Title IX.

56. The District's response was clearly unreasonable in light of the circumstances known to them.

57.     The District's actions, including, but not limited to its failure to effectively and immediately investigate Arthur's misconduct, was not a reasonable response to the substantial risk of sexual misconduct.

58.     The District dismissed and marginalized allegations of Arthur's sexual misconduct that was reported by at least one former male student.

59.     The District engaged in a pattern and practice of behavior that failed to fully investigate, alert, and protect students from sexual misconduct within the District.

60.     Plaintiff has suffered physical pain, emotional distress, and psychological damage.

61.     WHEREFORE, premises considered Defendant District's actions were the direct and proximate cause of Plaintiff being deprived of a safe and harassment-free educational environment. As a result of Defendant District's actions and inactions, Plaintiff has suffered and continue to suffer severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress Against Defendant Ronald Arthur, only

COMES NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for his Fifth Cause of Action, alleges and states;

1.      Defendant Arthur intentionally and/or recklessly caused Plaintiff's emotional distress.

2.      The physical and mental abuse that Defendant Arthur gave to Plaintiff was done maliciously.

3. Plaintiff is entitled to recover actual and punitive damages against Defendant Arthur to deter him, and others similarly situated, from this behavior in the future and to punish him for his socially unacceptable behavior.

WHEREFORE Plaintiff prays for judgment against the Defendant, Ronald Arthur, individually, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable. Additionally, if permitted under the facts of this case and by Oklahoma law, Plaintiff further prays for an award of punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 United States Code §1332.

Respectfully submitted,

_____
CAMERON SPRADLING, OBA #8509
Attorney & Counselor at Law
500 North Walker Avenue, Suite 100
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com
ATTORNEY FOR PLAINTIFF